NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MAURICE DAVIS, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-CV-5922 (DMC) |
| | : | |
| TEAMSTERS LOCAL 177, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Teamsters Local 177 ("Defendant") to dismiss *pro se* Plaintiff Maurice Davis' ("Plaintiff") Complaint for failure to state a claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff made an application to the Court for *pro bono* counsel pursuant to 28 U.S.C. 1915(e)(1). Pursuant to Fed. R. Civ. P. 78 no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **granted** and Plaintiff's application for *pro bono* counsel is **denied**.

## I.    BACKGROUND[1]

Plaintiff filed his Complaint on December 12, 2007. Considering the Complaint as a whole, Plaintiff appears to claim that Defendant, his union, breached its duty of fair representation in

---

[1] The facts set forth in this Opinion are taken from the parties' statements in their respective moving papers.

connection with an arbitration proceeding concerning Plaintiff's discharge from employment with

United Parcel Service.  The arbitration proceeding was held on May 16, 2006 before Arbitrator Jack

Tillem (the "Arbitrator").  On May 19, 2006, the Arbitrator issued an Opinion and Award denying

Plaintiff's grievance.  The Opinion and Award was mailed to Plaintiff on May 19, 2006 and was

received by Plaintiff on May 31, 2006.

In the months following receipt of the Opinion and Award, Plaintiff had difficulty securing

counsel to pursue his claims, and he subsequently commenced this action as a *pro se* litigant.

Defendant submitted its motion to dismiss on January 17, 2008.  Plaintiff submitted an application

for *pro bono* counsel on January 16, 2008, citing his inability to attain and afford counsel on his own

behalf.  Additionally, in his response to Defendant's motion to dismiss, Plaintiff requests this Court

grant his application because of his inability to understand the law and present an effective case.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the

complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth

v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.,

140 F.3d 478, 483 (3d Cir.1998).  If, after viewing the allegations in the complaint in the light most

favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of

facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure

to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atlantic Corporation

v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007).

Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."

Id. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## III.    DISCUSSION

Pursuant to Fed. R. Civ. P. 12(b)(6), relief cannot be granted against Defendant because this

action was commenced beyond the statute of limitations.  A union has "a statutory duty fairly to

represent all . . . employees, both in its collective bargaining . . . and in its enforcement of the

resulting collective bargaining agreement." Vaca v. Sipes, 386 U.S. 171, 177 (1967) (internal

citations omitted).  A breach of the duty to fair representation occurs "only when a union's conduct

toward a member of the collective bargaining is arbitrary, discriminatory, or in bad faith." Id. at 190

(citation omitted).  Viewing the facts in a light most favorable to Plaintiff, this Court assumes for

the purpose of this motion that Defendant did breach its duty of fair representation.

"The [National Labor Relations Board] has consistently held that all breaches of a union's

duty of fair representation *are* in fact unfair labor practices." Del Costello v. Int'l Bhd. of Teamsters,

462 U.S. 151, 170 (1983) (citations omitted).  The statute of limitations for claimed unfair labor

practices is six months. See id. at 169.  "[T]he six-month period begins to run when the claimant

discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the

alleged violation." Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986) (internal quotation

marks and citations omitted).  In an action where an employee "seeks to overturn an unfavorable

arbitration award on the ground that the union committed errors in the arbitration proceedings, the

claim accrues when the [] employee learns of the arbitrator's award." Childs v. Pennsylvania Fed'n

Bhd. of Maint. Way Employees, 831 F.2d 429, 434 (3d Cir. 1987) (internal quotation marks and

citations omitted).  Here, Plaintiff learned of or should have learned of the Arbitrator's decision on May 31, 2006, when he received a copy of the Opinion and Award.  Plaintiff did not file this suit until December 12, 2007, over eighteen months after the cause of action accrued.  Thus, Plaintiff's claim is time-barred.

Plaintiff's inability to attain counsel is irrelevant since there exists no authority tolling the applicable statute of limitations during the period in which an individual seeks legal representation.

In Tabron v. Grace, the Third Circuit Court of Appeals provided district courts with specific guidelines in appointing *pro bono* counsel for an indigent applicant. 6 F.3d 147, 155, 158 (3d Cir.1993).  The Third Circuit emphasized a threshold matter of merit must be met before a court examined those factors.  Id.  In other words, this Court must be satisfied that there is some merit to Plaintiff's claim in fact and in law before engaging in further evaluation.  See id.  Once a determination of merit has been made, then a variety of factors must be examined to decide whether *pro bono* counsel is necessary.  Those factors include a plaintiff's ability to present his case; a plaintiff's education, literacy, prior work experience, and prior litigation experience; the complexity of the underlying case; whether the case requires a factual investigation and a plaintiff's ability to carry out that factual investigation; and whether credibility determinations are involved that may require the experience of one trained in the presentation of evidence and cross-examination.  See id. at 156.  Plaintiff fails to adequately address the threshold requirement for *pro bono* counsel, namely that his case "has arguable merit in fact and law."  Id. at 155.  Since the claim is time-barred, Plaintiff is unable to satisfy this burden, and this Court denies his application.

## II.    CONCLUSION

Based on the foregoing, Defendant's motion to dismiss Plaintiff's Complaint is **granted** and

Plaintiff's application for *pro bono* counsel is **denied**.


        S/   Dennis M. Cavanaugh     
        Dennis M. Cavanaugh, U.S.D.J.

Date:           July  16 , 2008
Original:       Clerk's Office
cc:            All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File